**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-2100**

─────────────

NORMAN RICHARDSON,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Ajmel Ahsen Quereshi, Magistrate Judge.  (8:22-cv-01625-AAQ)

─────────────

Submitted:  March 26, 2026                          Decided:  March 30, 2026

─────────────

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Monique L. Lee, CHASENBOSCOLO, Greenbelt, Maryland, for Appellant. Erek L. Barron, United States Attorney, Kelly M. Marzullo, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman Richardson appeals the magistrate judge's order granting summary judgment to the United States on Richardson's claim of negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.  On appeal, Richardson argues that the magistrate judge erred in finding there was not a genuine dispute of material fact as to the United States' assumption of the risk defense.  The parties agree, however, that they erroneously argued below that Maryland law applied to Richardson's claim, and the magistrate judge followed suit.  Because Richardson's claim arose from events that occurred in the District of Columbia, the parties agree on appeal that D.C. law applies to this claim.  *See Raplee v. United States*, 842 F.3d 328, 331 (4th Cir. 2016) ("Because the FTCA merely waives sovereign immunity to make the United States amenable to a state tort suit, the substantive law of the state where the tort occurred determines the liability of the United States.").

The parties now ask this court to apply D.C. law to Richardson's claim in the first instance.  But we are "a court of review, not of first view."  *Pub. Int. Legal Found. v. Wooten*, 164 F.4th 362, 366 (4th Cir. 2026) (internal quotation marks omitted).  Because it is not immediately apparent that applying D.C. law would not alter the outcome of this case, the parties should present their arguments in the district court and permit the magistrate judge to consider them in the first instance.

2

Accordingly, we vacate the magistrate judge's order and remand for further proceedings consistent with this opinion.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] By this disposition, we express no opinion on the merits of Richardson's claim.

3